Lee E. AMMONS, Jr., Plaintiff–
Appellant,

v.

COOK COUNTY, et al., Defendants–
Appellees.

No. 10–2199.

United States Court of Appeals,
Seventh Circuit.

Submitted March 31, 2011.*

Decided April 8, 2011.

Michael Jeffrey Greco, Chicago, IL, for
Plaintiff–Appellant.

Karen J. Dimond, Office of the Cook
County State's Attorney, Chicago, IL, for
Defendants–Appellees.

Before FRANK H. EASTERBROOK,
Chief Judge, RICHARD D. CUDAHY,
Circuit Judge, RICHARD A. POSNER,
Circuit Judge.

**Order**

This proceeding is similar to three re-
cently resolved in *Lee v. Cook County*, 635
F.3d 969 (7th Cir.2011). In this case, as in
*Lee*, the district court dismissed the com-
plaint as untimely. One difference is that
in this case counsel for the plaintiff did not
manage to file a timely appeal.

---

* This successive appeal has been submitted to
the original panel under Operating Procedure
6(b). After examining the briefs and the rec-

After the district court dismissed the
complaint, counsel filed a motion for recon-
sideration under Fed.R.Civ.P. 59. The
district judge denied this motion on March
23, 2010. Counsel then filed what he
styled an "amended" motion for reconsid-
eration. Successive motions for reconsid-
eration are not allowed, and this motion
was filed outside the time for a proper
Rule 59 motion. Thus the district court
correctly treated it as a motion under Fed.
R.Civ.P. 60(b) and denied it. Thirty days
later, counsel filed a notice of appeal. Be-
cause the notice filed on May 14, 2010,
came more than 30 days after the order
denying the genuine Rule 59 motion, it
does not present for appellate decision any
issue concerning the dismissal of the com-
plaint or the denial of the Rule 59 motion.
The only proper appellate issues concern
the denial of the Rule 60(b) motion. So we
informed counsel in an earlier order, which
directed him to confine his brief to issues
concerning the Rule 60(b) decision.

Counsel disregarded that directive and
filed a brief that devotes most of its atten-
tion to the question whether the district
court erred in dismissing the suit as un-
timely. That question is outside our juris-
diction. Appellant's brief does not identify
any possible error in the district court's
handling of the Rule 60(b) motion. A mo-
tion, nominally presented under Rule
60(b), that just recapitulates arguments al-
ready presented, is properly rejected sum-
marily. That is the situation here. The
district court's decision is affirmed.

In this case, as in *Lee*, we direct attor-
ney Michael J. Greco to furnish his client
with a copy of this order so that the client
can consider the possibility of malpractice
litigation. Greco's failure to file a timely
complaint, followed by his failure to file a

ord, we have concluded that oral argument is
unnecessary. See Fed. R.App. P. 34(a); Cir.
R. 34(f).A

timely appeal, and his disregard of this court's express instructions about which issues are properly open on appeal, reinforces our conclusion that "Greco is a menace to his clients and a scofflaw with respect to appellate procedure". *Lee,* 635 F.3d at 974.

In addition to paying the fine assessed in *Lee,* Greco must furnish the court with proof that he has complied with our direction to send copies of *Lee* and this order to his clients.